# DOCKETING STATEMENT

| Appeal Number | 25-3032 |
|---|---|
| Case Name | *Miracle, et al., v. Hush, et al.* |
| Party or Parties Filing Notice of Appeal Or Petition | Ken Hush, Brent Thomas, Kevin Johnson, Steven Lovett, Julene Miller, Bill Feuerborn, Cheryl Harrison-Lee, Shane Bangerter, Ann Brandau, Mark Hutton, Shellaine Kiblinger, Jon Rolph, Allen Schmidt, Helen Van Etten, Carl Ice, Cynthia Lane, Blake Benson, Diana Mendoza, Wint Winter, and John Dicus |
| Appellee(s) or Respondent(s) | Amanda Miracle, Christopher Lovett, Michael Behrens, Rob Catlett, Dan Colson, Charles Emmer, Brenda Koerner, Sheryl Lidzy, Max McCoy, Michael Morales, and Lynnette Sievert |
| List all prior or related appeals in this court with appropriate citation(s). | n/a |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A. APPEAL FROM DISTRICT COURT

    **1.** Date final judgment or order to be reviewed was **entered** on the district court docket:   December 5, 2024, and February 11, 2025

    **2.** Date notice of appeal was **filed**:   February 25, 2025

    **3.** State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days under Fed. R. App. P. Rule 4(a)(1)(A)

        **a.** Was the United States or an officer or an agency of the United States a party below?    no

**b.** Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:_____no_____

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   n/a

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   n/a

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. no

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   no

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)?  no

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?  **The orders being appealed denied, postponed, or failed to rule on the qualified-immunity defenses raised in Appellants' Motion to Dismiss and Motion to Reconsider, and those orders are therefore immediately appealable under the collateral order doctrine.** *See Behrens v. Pelletier*, **516 U.S. 299, 308 (1996);** *Dyer v. Rabon*, **212 F. App'x 714, 716 (10th Cir. 2006) (citing** *Workman v. Jordan*, **958 F.2d 332, 336 (10th Cir. 1992));** *United States v. Pickard*, **676 F.3d 1214, 1217 (10th Cir. 2012). Further, "A timely motion for reconsideration filed within a window to appeal . . . renders an otherwise final decision of a district court not final for purposes of appeal."** *Nutraceutical Corp. v. Lambert*, **586 U.S. 188, 197 (2019). So both of the orders being appealed are timely appealed.**

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond

preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   n/a

**b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals).  n/a

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

1. Date of the order to be reviewed:    n/a

2. Date petition for review was filed:    n/a

3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order:    n/a

4. Specify the time limit for filing the petition (cite specific statutory section or other authority):    n/a

**C.** **APPEAL OF TAX COURT DECISION**

1. Date of entry of decision appealed:    n/a

2. Date notice of appeal was filed:    n/a
(If notice was filed by mail, attach proof of postmark.)

3. State the time limit for filing notice of appeal (cite specific statutory section or other authority):    n/a

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a)    n/a

**II.   ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

   **A.**   Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed?     n/a

   **B.**   If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction?   n/a

   **C.**   Describe the sentence imposed.     n/a

   **D.**   Was the sentence imposed after a plea of guilty?     n/a

   **E.**   If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?     n/a

   **F.**   Is the defendant on probation or at liberty pending appeal?   n/a

   **G.**   If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?     n/a

   **NOTE**:   In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

### III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

In this action, Plaintiffs-Appellees ("Appellees"), former professors and professors on paid administrative leave at Emporia State University, allege that Defendants-Appellants ("Appellants") wrongfully terminated or attempted to wrongfully terminate their employment in violation of the United States Constitution. They bring ten counts alleging that Appellants have conspired to deny the Appellees procedural and substantive due process, a liberty interest in their reputations, and equal protection and that Appellants have conspired to act in retaliation for Appellees' exercise of their First Amendment freedom of association.

Appellants filed a Motion to Dismiss that raised the defense of qualified immunity for all of the Appellants. The district court's order on that motion dismissed three counts with regard to all Appellants and dismissed a fourth count with regard to all but three of the Appellants, but the district court otherwise denied Appellants' motion. Appellants filed a Motion to Reconsider. The district court's order on the Motion to Reconsider made clarifications as well as a correction to a finding of fact, but "the Court decline[d] to alter or amend its previous rulings." (Doc. 58 at 2.) Accordingly, the two orders denied, postponed, or failed to rule on qualified-immunity defenses raised in Appellants' motions, and those orders are therefore immediately appealable under the collateral order doctrine. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996); *Dyer v. Rabon*, 212 F. App'x 714, 716 (10th Cir. 2006) (citing *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992)); *United States v. Pickard*, 676 F.3d 1214, 1217 (10th Cir. 2012).

### IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

(1) The amendments to the tenure policy did not violate due process.

(2) It was not clearly established that the tenure policy could not be amended through amendments to the policy.

(3) For the terminations and attempted terminations, the due-process claims should be analyzed with regard to the amended tenure policy, and the constitutional requirements of due process were provided.

(4) For the terminations and attempted terminations, it was not clearly established that any more process was constitutionally due.

(5) Plaintiffs have not made plausible allegations of any conduct clearly established by law to connect defendants other than Hush to any violation.

(6) To the extent qualified immunity turns on issues of fact, the district court should have identified the facts necessary for that determination and narrowed discovery to only those facts.

(1) **ATTORNEY FILING DOCKETING STATEMENT:**

Name: Matthew L. Shoger     Telephone: (785) 296-2215

Firm: Office of the Kansas Attorney General

Email Address: matt.shoger@ag.ks.gov

Address: 120 SW 10th Avenue, 2nd Floor

Topeka, Kansas 66612-1597


*/s/ Matthew L. Shoger*                             3/11/25

Signature                                                         Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, <u>     Matthew L. Shoger                    </u>, hereby certify that on
[attorney for appellant/petitioner]

<u>     3/11/25                    </u>, the foregoing **Docketing Statement** was filed with
[date]

the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

<u>  J. Phillip Gragson, Amanda S. Vogelsberg, John H. Hutton, and Kara L. Eisenhut  </u>, at
[counsel for/or appellee/respondent]

<u>     Henson, Hutton, Mudrick, Gragson & Vogelsberg, LLP                    </u>

<u>     3649 SW Burlingame Rd., Ste. 200                    </u>

<u>     Topeka, KS 66611-2155                    </u>

<u>     jpgragson@hhmglaw.com, avogelsberg@hhmglaw.com,                    </u>

<u>     jhutton@hhmglaw.com, keisenhut@hhmglaw.com     </u>, the last known address/email address, by

<u>                         email                              </u>.
[state method of service]

<u>     /s/ Matthew L. Shoger         </u>
Signature

<u>     3/11/25              </u>
Date

<u>     Matthew L. Shoger          </u>
<u>     Office of the Attorney General     </u>
<u>     120 SW 10th Avenue, 2nd Floor     </u>
<u>     Topeka, Kansas 66612-1597          </u>
Full name and address of attorney